Nancy Gegenheimer, Esq.
SBN 235521
560 Mission Street 25th Floor
San Francisco, CA 95616
Telephone:  303-881-0512
Email: ngegenheimer@msn.com

Attorney for Plaintiff James Bruce Ferguson

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRUCE FERGUSON,<br><br>       Plaintiff,<br><br>       vs.<br><br>STATE COLLECTION SERVICES, INC.<br><br>       Defendant. | CASE NUMBER _____<br><br><br>**COMPLAINT AND JURY DEMAND**<br>**(Unlawful Debt Collection Practices)** |

# COMPLAINT

Plaintiff, James Bruce Ferguson ("Mr. Ferguson"), by his attorney Nancy Gegenheimer, alleges the following against Defendant State Collection Services, Inc. ("Defendant"):

**INTRODUCTION**

1. This Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (FDCPA).

**JURISDICTION AND VENUE**

2. The Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy."

3. Defendant conducts business in California and, therefore, jurisdiction is established.  Defendant's website states:  "We are compliant and authorized to collect in all fifty states."  Defendant attempted to collect a debt against Mr. Ferguson in the Northern District of California.

4. Venue is proper in this District because Mr. Ferguson resides in California and Defendant communicated with Mr. Ferguson in California in attempting to collect a debt.

**PARTIES**

5. State Collection Services Inc. is a collection agency located at 2509 S. Stoughton Road, Madison, WI 53716.  Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6).  Defendant has attempted to collect a debt against Mr. Ferguson in California.

6.  James Bruce Ferguson is eighty-one years old and resides in Davis, California.  Mr. Ferguson is a consumer as that term is defined by 15 U.S.C. §1692a(3).

## FACTS

### A.      The Alleged Debt

7.  Mr. Ferguson receives medical treatment and is insured by: 1) Medicare; 2) AARP handled by UnitedHealthCare ("AARP"); and 3) insurance by his former employer, IBM with UnitedHealthCare ("IBM").

8.  Apria Healthcare ("Apria") has provided services to Mr. Ferguson.

9.   Beginning in September 2011, Apria provided a service to Mr. Ferguson.

10.  Bills for this service from Apria were sent to Medicare, AARP and IBM's insurance.

11.  A problem arose with the billing and Mr. Ferguson called Apria and Medicare many times.

12.  When Mr. Ferguson would call Apria they would tell him to ignore the bill because they were taking care of it.  Then another bill would arrive.

13. On December 5, 2012, Apria finally responded to Mr. Ferguson's complaints.  A copy of the letter is attached as Exhibit A ("Letter").  Apria noted that they "respond to complaints promptly, accurately and with the utmost courtesy.  All complaints are handled in a professional and

confidential manner.  This letter is in response to the complaint referenced above."

14.  Apria stated in the Letter that they would now bill Medicare under the correct ID number and that all claims would be resubmitted.

15.  Mr. Ferguson never received any additional correspondence from Apria.

16.  On May 19, 2013, Mr. Ferguson received a bill from Defendant for two payments of $51.79 each for a total of $103.58 ("First Bill").  A copy is attached hereto as Exhibit B.

17.  Mr. Ferguson called Apria again to discuss the matter and also sent a copy of the First Bill to his son, Dan Ferguson because he feared that a State governmental authority was attempting to collect the debt.

18.  Mr. Ferguson's son Dan Ferguson paid the bill immediately on June 12, 2013.  A copy of the check is attached hereto as Exhibit C.

**B. Defendant Attempts to Collect Amounts Not Due.**

19.  But on June 24, 2013, Mr. Ferguson received a letter from Apria acknowledging the concerns he had raised and advising him that his account was resolved.  The letter is attached as Exhibit D, and states, among other things:

> You explained that you faced issues with Apria Healthcare billing your insurance, and that it took over a year to resolve.  You explained that the representative's you spoke to were very helpful; however, you felt as if they were limited as to actually resolving your issue.

Resolution

First, I would like to offer my sincere apologies for any inconveniences you have received.  Also, I reviewed your account and confirmed that all is resolved at this time.  I do see that you called many times as Medicare was denying claims; however, you were not forwarded to the correct department to handle the issue efficiently.  I have made contact with these representative's management team to assure that training is provided so this will not occur going forward.

20.     So Mr. Ferguson was assured by Apria on June 24, 2013, that all issues with his bills were resolved.  So his son Dan Ferguson should not have paid the bill on June 12, 2013.

21.     Shortly thereafter, Mr. Ferguson received another bill from Apria.  It billed as a "New Charge" the amount of $51.79 for a service performed November 2011, almost two years prior to the date of the bill.  A copy is attached hereto as Exhibit E.

22.     Mr. Ferguson and his Counsel called Apria and spoke to Ryan.  He told Mr. Ferguson to ignore the bill.

22.  On July 20, 2013, Mr. Ferguson received another bill from Apria.  A copy is attached hereto as Exhibit F.  The bill contained no indication of what was being billed, no date for service and stated "This is our second letter to remind you of your outstanding balance."

23.    On August 18, 2013, Mr. Ferguson received a letter from Defendant claiming that Mr. Ferguson owed fees from Apria for November 15, 2011. A copy is attached hereto as Exhibit G.

24.    Counsel for Mr. Ferguson wrote to Defendant and told them that the debt was disputed.  A copy of the letter is attached hereto as Exhibit H.  This debt is not owed.

25.    On September 10, 2013, Defendant sent another collection letter to Mr. Ferguson.  The information was the same as the first statement of August 18, 2013, but added: "When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from our account…"  A copy is attached hereto as Exhibit I.  This statement caused Mr. Ferguson grave concern because he feared that Defendant could take funds from his son's account because his son Dan Ferguson had paid the previous bill.  Dan Ferguson has never been indebted to Apria.

26.    Defendant did not communicate the information in Exhibit I to Counsel even though they had been told Mr. Ferguson was represented by Counsel.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTON PRACTICES ACT**

27.  Mr. Ferguson incorporates paragraphs 1-26 as if fully set forth herein.

28.  Defendants have violated the FDCPA by, among other things:

      a.      Violating  15 U.S.C. §1692d;

      b.      Violating 15 U.S. C. §1692e(1), (2)(A), (2)(4), (2)(5);

      c.      Violating 15 U.S.C. §1692g

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ferguson prays for:

1.  Statutory damages pursuant to 15 U.S.C. §1692k;

2.  Costs and reasonable attorneys fees pursuant to 15 U.S.C. §1692k;

3.  Such other relief at the Court deems proper.

DATED: September 23, 2013

Respectfully submitted,

s/Nancy Gegenheimer
Nancy Gegenheimer, Esq.
Attorney for James Bruce Ferguson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24